IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRIN BRUCE MCCULLOUGH,

    Petitioner,                     No. CIV-S-10-2650 CKD P

    vs.

GARY SWARTHOUT,

    Respondent.                    ORDER

_____/

        Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He is serving a sentence of 10 years imprisonment entered upon a conviction for manufacturing methamphetamine.  He challenges his sentence.  Both parties have consented to have a magistrate judge conduct all proceedings in this case.  See 28 U.S.C. § 636(c)(1).

I. Standard For Habeas Relief

        An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[1]  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

>   A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

/////

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief.  Fry v. Pliler, 551 U.S. 112, 119 (2007).

2

"[W]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). As long as "'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief is precluded. Harrington, 131 S. Ct. 786.

If the state court does not reach the merits of a particular claim, de novo review applies. Lewis v. Mayle, 391 F.3d 989, 996 (9th Cir. 2004).

II. Analysis

On March 30, 2009, petitioner pled guilty to manufacture of methamphetamine in exchange for a sentence cap of 15 years. Petitioner actually received 10 years imprisonment along with a concurrent 5 year sentence entered upon another conviction. Petitioner claims his right to Due Process under the Fourteenth Amendment was violated because the trial court denied petitioner probation for his offense based in part on the court's recollection, rather than written documentation, that petitioner previously was removed from a drug treatment program after refusing to participate in the in-patient portion of the treatment. At the time of sentencing, petitioner was not eligible for probation unless the facts presented "an unusual case where the interests of justice would best be served" by granting probation. Cal. Penal Code § 1202.073(a).

Matters of state court sentencing are, generally speaking, matters of state law and are not cognizable on habeas review. Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010). A state sentence can violate the Due Process Clause if it is arbitrary and capricious. Richmond v.

3

1  Lewis, 506 U.S. 40, 50 (1992).  Petitioner makes no serious attempt to show that the sentence he
2  received is either arbitrary or capricious.
3       Instead, petitioner suggests that it was fundamentally unfair for the trial court to,
4  at least in part, rely on the court's recollection in finding that there were not "unusual"
5  circumstances justifying probation.  See Am. Pet. at 15.[2]  However, petitioner fails to point to
6  anything indicating that a trial judge's recollection of past court proceedings rather than a written
7  record is, as petitioner suggests, per se, fundamentally unfair.  Even if the court were to find that
8  the judge relying on his recollection in this case runs afoul of the Due Process Clause
9  requirement of fundamental fairness [see Estelle v. McGuire, 502 U.S. 62, 72-73 (1991)]
10 petitioner must show prejudice from that error to obtain habeas relief; petitioner is only entitled
11 to relief if he shows that the error had a substantial and injurious effect on his sentence.  Hoffman
12 v. Arave, 236 F.3d 523, 540 (9th Cir. 2001).  He has not done so.  Petitioner does point to some
13 mitigating factors, e.g. petitioner was manufacturing a small amount of methamphetamine
14 probably for personal use, which tend to show justice might be best served by probation and drug
15 treatment.  However, there are more significant aggravating factors showing justice would not be
16 served by a grant of probation, most notably that petitioner was out on bail awaiting probation
17 revocation proceedings when he committed the offense of manufacturing methamphetamine.
18       Finally, the court notes that petitioner presented his claim on direct appellate
19 review.  The only court to issue a reasoned opinion with respect to petitioner's claim found that
20 any error by the trial court in relying on the court's own recollection was harmless because the
21 record did not otherwise demonstrate that petitioner was entitled to probation.  Answer, Ex. A at
22 7-8.  The court finds that habeas corpus relief is precluded by 28 U.S.C. § 2254(d) because the
23 Court of Appeal's rejection of petitioner's claim is not contrary to, nor did it involve an
24 unreasonable application of clearly established federal law as determined by the Supreme Court

---

[2] With respect to petitioner's amended habeas petition, the page numbers identified are those assigned by the court's electronic docketing system.

4

of the United States; nor is the decision based on an unreasonable determination of the facts.

III.  Conclusion

      For all of the foregoing reasons, petitioner's application for writ of habeas corpus will be denied.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Petitioner's application for a writ of habeas corpus is denied; and

      2. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: May 22, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
mccu2650.157